UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ENRIQUE MORENO, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | |
| § | | CIVIL ACTION NO. 4:23-CV-01089-SDJ-AGD |
| GATOR FLOWER MOUND, LLC, § | | |
| ROSEMARY HARRIS, MEGAN § | | |
| PANEK, AND STATEWIDE § | | |
| MECHANICAL OF TEXAS, LLC, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 29, 2024, the Report and Recommendation of the Magistrate Judge, (Dkt. #30), was entered containing proposed findings of fact and the recommendation that Plaintiff's Motion to Remand, (Dkt. #11), be denied and that Defendant Gator Flower Mound, LLC's Motion to Strike Plaintiff's Amended Complaint (Dkt. #18), be granted in part. On September 12, 2024, Plaintiff filed an objection to the Report (Dkt. #31). On September 16, 2024, Defendant Gator Flower Mound, LLC filed a Response (Dkt. #32).

Having received the Report, considered Plaintiff's objection, (Dkt. #31), and Defendant Gator Flower Mound, LLC's Response thereto, (Dkt. #32), and having

conducted a de novo review, the Court determines that the findings and conclusions contained in the Report should be **ADOPTED in part** and **MODIFIED in part**.

The Court fully adopts the Report with the lone exception of the Magistrate Judge's analysis of the third *Hensgens* factor in regard to Defendant Statewide Mechanical, LLC ("Statewide"), and the risk of Plaintiff Enrique Moreno suffering inconsistency, inefficiency, or prejudice in potential parallel proceedings against Statewide. *See* (Dkt. #30 at 10-11). The Court does not see any risk to Moreno of inconsistency, inefficiency, or prejudice if he pursues his claims against Statewide in state court. The reason for this absence of risk is straightforward: on their face, Moreno's claims against Statewide stand alone and apart from his claims against Gator Flower Mound and its agents. Ultimately, these are separate claims against separate parties arising out of separate facts. Thus, the Court modifies the following findings:

- The Court finds that Moreno faces no risk of inconsistent adjudicatory outcomes in the event of potential parallel proceedings if Moreno pursues his claims against Defendant Statewide in state court.

- The Court finds that there is no risk of inefficiency in the event of potential parallel proceedings if Moreno pursues his claims against Defendant Statewide in state court.

- The Court finds that there is no risk Moreno will be prejudiced in the event of potential parallel proceedings if Moreno pursues his claims against Defendant Statewide in state court.

It is therefore **ORDERED** that Plaintiff's Motion to Remand, (Dkt. #11), is **DENIED**. It is further **ORDERED** that Defendant Gator Flower Mound, LLC's Motion to Strike Plaintiff's Amended Complaint, (Dkt. #18), is **GRANTED in part**. It is finally **ORDERED** that Plaintiff's Amended Complaint is **STRICKEN**. Plaintiff may file an Amended Complaint, if necessary, within thirty (30) days of this Memorandum.

**So ORDERED and SIGNED this 26th day of September, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE